IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON D. SCHRINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CIV-23-206-D |
| TERRY L. GERARD, ) | |
| CENTURY TRUCKING, INC., ) | |
| FLEXTRONICS AUTOMOTIVE USA INC., ) | |
| and XPO NLM INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendant Century Trucking, Inc.'s Motion to Dismiss [Doc. No. 6]. Plaintiff Jason D. Schriner responded in opposition [Doc. No. 11], and Century Trucking replied [Doc. No. 13]. The matter is fully briefed and at issue.

*Background*

This case arises out of a collision involving Plaintiff and Defendant Terry L. Gerard. The accident occurred on January 23, 2021, in Lincoln County, Oklahoma. Mr. Gerard was operating a commercial motor vehicle owned by his employer, Defendant Century Trucking, Inc. According to Plaintiff's complaint, Mr. Gerard negligently departed the roadway and struck Plaintiff's vehicle, which was situated on the shoulder of the road. *See* Pl.'s Sec. Am. Compl. [Doc. No. 1-8].

Plaintiff filed this action on June 29, 2022,[1] alleging claims against Century

---

[1] The action was initially filed in the District Court of Lincoln County, Oklahoma, and was subsequently removed. *See* Not. of Removal [Doc. No. 1].

Trucking for *respondeat superior* and negligent hiring, qualifying, training, entrustment, supervision, and retention of Mr. Gerard. By its motion, Century Trucking moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, Century Trucking's motion is **GRANTED.**

### *Standard of Decision*

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, a complaint needs "more than labels and conclusions," but it "does not need detailed factual allegations." *Id*. Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At the pleading stage, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

### *Discussion*

I.    **Negligent Hiring, Qualifying, Training, Supervision, and Retention**

Century Trucking stipulates that, at the time of the accident, Mr. Gerard was acting within the course and scope of his employment. Accordingly, it asserts that Plaintiff's

claims against it for negligent hiring, qualifying, training, supervision, and retention must be dismissed under Oklahoma law. *See Jordan v. Cates*, 1997 OK 9, 935 P.2d 289.

According to *Jordan*, "[w]hen an employer stipulates that an employee is acting within the scope of employment at the time of an altercation and punitive damages are available against it under the theory of *respondeat superior*, an additional claim for negligent hiring exposes the employer to no additional liability." *Id.* at ¶ 21. Thus, if an employer stipulates that any liability "would be under the *respondeat superior* doctrine," imposing liability under any other theory is "unnecessary and superfluous." *Id.* at ¶¶ 16, 21.

Plaintiff maintains *Jordan's* holding is "limited to cases involving an intentional tort or battery committed by an employee," and, therefore, does not apply in this context. Pl.'s Resp. Br. at 9. To support his position, Plaintiff cites *Fox v. Mize*, 2018 OK 75, 428 P.3d 314. In *Fox*, the Oklahoma Supreme Court recognized that "an employer's liability for negligently entrusting a vehicle to an unfit employee is a separate and distinct theory of liability from that of an employer's liability under the *respondeat superior* doctrine." *Id.* at ¶ 14. By its express language, *Fox's* holding is limited to negligent entrustment claims. *See id.* ("[W]e need not determine whether a negligent hiring claim should be treated differently than a negligent entrustment claim.").

Although *Fox* limited *Jordan* to its facts, the Court is not persuaded by Plaintiff's argument that *Jordan's* holding does not apply in this context; *Jordan* has not been

3

overruled and remains good law. Accordingly, the Court must follow it.[2] Therefore, pursuant to *Jordan*, Plaintiff's negligent hiring, qualifying, training, supervision, and retention claims must be dismissed as a matter of law.[3] These claims are dismissed with prejudice, as any attempt to amend such claims would be futile. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with

---

[2] In the wake of *Fox*, numerous judges in this district have arrived at the same conclusion. *See, e.g., CTC, Inc. v. Schneider Nat'l Inc.*, No. CIV-20-1235-F, 2021 WL 2295512, at *2 (W.D. Okla. June 4, 2021) (holding that defendant's stipulation to *respondeat superior* liability for any proven negligence of its employee "renders the other theories of liability referred to in the complaint—negligent training, retention and supervision—unnecessary"); *Estate of Ratley by and through Ratley v. Awad*, No. CIV-19-265-PRW, 2021 WL 1845497, at *4-5 (W.D. Okla. May 7, 2021) (holding that, because the defendant-employee "was acting within the scope of his employment immediately before and during the accident . . . [p]laintiffs' claims for direct liability against [defendant-employer] (except for negligent entrustment) should be dismissed"); *Gregory v. Lindamood Heavy Hauling, Inc.*, No. CIV-22-327-R, 2022 WL 2792203, at *3 (W.D. Okla. July 15, 2022) ("There is no dispute that [defendant-employer] stipulated that [defendant-employee] was acting within the course and scope of his employment at the time of the accident. Therefore, applying *Jordan*, the [c]ourt [dismisses] [p]laintiff's claims for negligent hiring, training, supervision, retention, and monitoring."); *Sykes v. Bergerhouse*, No. CIV-20-333-G, 2021 WL 966036, at *3 (W.D. Okla. Mar. 15, 2021) ("*Jordan* remains viable. . . . Accordingly, in light of [defendant-employer's] stipulation as to the employment and agency of its driver, [p]laintiff's direct-negligence claims do not plausibly show an entitlement to relief against [defendant-employer] under Oklahoma law."); *Annesse v. U.S. Xpress, Inc.*, No. CIV-17-655-C, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019) ("*Jordan* has not been overruled. Thus, it still remains good law and, in applying Oklahoma law, this [c]ourt is bound to follow it.").

[3] Plaintiff also argues that his negligent hiring, qualifying, training, supervision, and retention claims against Century Trucking should not be dismissed because he "is entitled to pursue multiple, alternative theories of recovery." Pl.'s Resp. Br. at 15. The Court rejects this argument, as it "is permitted to remove those claims that are superfluous in accordance with Oklahoma law" as discussed above. *See Gregory*, 2022 WL 2792203, at *3 (internal quotation omitted).

prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## II.     Negligent Entrustment

Additionally, Century Trucking claims that Plaintiff has failed to sufficiently allege facts which tend to show it is liable for negligent entrustment. In Oklahoma, to recover under a negligent entrustment claim, a plaintiff must demonstrate that (1) "a person who owns or has possession and control of an automobile allowed another driver to operate the automobile," (2) "the person knew or reasonably should have known that the other driver was careless, reckless and incompetent," and (3) "an injury was caused by the careless and reckless driving of the automobile." *Green v. Harris*, 2003 OK 55, ¶ 23, 70 P.3d 866, 871.

Century Trucking claims that Plaintiff's complaint "contains no factual content regarding [Plaintiff's] driving history, his propensity to drive unsafely, or any facts tending to show [it] knew or should have known of such propensity." Mot. to Dismiss at 7. Plaintiff counters that he "has not conducted any discovery and most of the evidence regarding the negligent entrustment claim will be in possession and exclusive control" of Century Trucking. Pl.'s Resp. Br. at 19.

Upon consideration, the Court finds that Plaintiff has failed to plausibly state a negligent entrustment claim. Specifically, Plaintiff's complaint is devoid of any factual allegations related to Century Trucking's knowledge of Mr. Gerard's incompetence, recklessness, and carelessness. The Court disagrees with Plaintiff's argument that it is reasonable to infer that Century Trucking had knowledge of Mr. Gerard's incompetence based solely on his alleged violation of multiple state and federal safety regulations, which

led to the collision. These allegations do not lend any support to the argument that Plaintiff knew, prior to the incident, that Mr. Gerard was reckless, careless, or incompetent. Accordingly, because Plaintiff has failed to adequately plead a negligent entrustment claim against Century Trucking, dismissal of this claim is appropriate.

Next, the Court must consider whether to grant Plaintiff leave to amend to cure the identified deficiencies. "'Ideally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure, § 1483, at 587 (2d ed. 1990)). However, leave to amend is not automatic and may be properly denied where an amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2004).

At this stage, the Court cannot conclude that amendment would be futile, as it appears that the deficiencies related to Plaintiff's negligent entrustment claim may be capable of being cured by amendment. Accordingly, Plaintiff's negligent entrustment claim against Century Trucking is dismissed without prejudice; Plaintiff is permitted to file an amended complaint to cure the specified deficiencies regarding his negligent entrustment claim.

## *Conclusion*

For the reasons set forth herein, Defendant Century Trucking, Inc.'s motion to dismiss [Doc. No. 6] is **GRANTED.** Plaintiff's negligent hiring, qualifying, training, supervision, and retention claims are dismissed with prejudice. Plaintiff's negligent

entrustment claim is dismissed without prejudice; Plaintiff may file an amended complaint within fourteen (14) days of the entry of this order.

**IT IS SO ORDERED** this 27th day of April, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge