IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON D. SCHRINER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-23-206-D |
| TERRY L. GERARD, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Flextronics Automotive USA, Inc.'s ("Flex") 12(B)(6) Motion to Dismiss and Memorandum in Support [Doc. No. 48]. Plaintiff filed a Response [Doc. No. 55], and Flex filed a Reply [Doc. No. 56]. The matter is fully briefed and at issue.

### BACKGROUND AND FACTUAL ALLEGATIONS

Plaintiff brought this action in state court asserting various claims against various Defendants, all of which stem from a car accident in Lincoln County, Oklahoma on January 23, 2021. Plaintiff alleges that Defendant Terry Gerard was driving a tractor-trailer when he left the road and struck Plaintiff's vehicle, which was located on the shoulder of the road. Mr. Gerard timely removed the case to federal court based on diversity of citizenship.

In the operative Complaint, Plaintiff names the following Defendants: (1) Terry L. Gerard; (2) Century Trucking, Inc.; (3) Flextronics Automotive USA, Inc.; (4) XPO NLM Inc.; (5) XPO, Inc.; (6) XPO Logistics Freight, Inc.; (7) XPO Logistics, Inc.; and (8) RXO

NLM, LLC.[1] Compl. [Doc. No. 44], ¶¶ 3-10. Relevant for purposes of the instant Motion, Plaintiff asserts two claims against Flex: (1) vicarious liability based on numerous theories (agency, statutory employer, and joint venture) and (2) negligent hiring. *See id.*, ¶¶ 53-64.

To support his vicarious-liability claim, Plaintiff alleges Flex, as a shipper of goods, is a "de jure and de facto motor carrier" and is, therefore, a "joint-enterprise-motor-carrier." *Id.*, ¶ 54. Plaintiff also alleges that a principal-agent relationship existed between Flex and "Defendants Gerard/Century" and that Mr. Gerard was "[Flex's] agent/statutory employee as [Flex] exercised control over him with respect to the trip Defendant Gerard was on at the time of the collision." *Id.*, ¶ 55. Plaintiff further alleges that Flex is "responsible for Defendant Gerard's actions because it was in a joint venture relationship with Defendant Century." *Id.*, ¶ 57.

To support his negligent-hiring claim, Plaintiff alleges Flex "directly or through Defendant XPO involves the regular qualifying and hiring of trucking companies to transport loads for Defendant[] [Flex]" and that Flex was "responsible for the standards Defendant XPO used to qualify and hire trucking companies to haul their loads." *Id.*, ¶¶ 59-60. Plaintiff further alleges Flex "failed to ensure Defendant XPO had the proper rules, regulations, policies and procedures in place to qualify and hire[] safe trucking companies." *Id.*, ¶ 61. Alternatively, Plaintiff alleges Flex failed to ensure Defendant XPO enforced "its rules, regulations, policies, and procedures such that Defendant XPO failed to properly qualify and improperly hired unsafe trucking companies." *Id.*, ¶ 62. Last, Plaintiff alleges

---

[1] Plaintiff is proceeding under the Sixth Amended Complaint [Doc. No. 44]. In this Order, the Court refers to the Sixth Amended Complaint as the "Complaint."

"Defendant Gerard was incompetent to drive a commercial motor vehicle, Defendant Century was incompetent to operate as a commercial motor carrier, and Defendant [Flex] knew or should have known Defendant Gerard/Century were incompetent." *Id.*, ¶ 63.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to Plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Instead, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action" does not provide grounds of a party's entitlement to relief. *Twombly*, 550 U.S. at 555.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Id.*; *see also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (citation omitted)). Courts may "disregard conclusory

statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

Flex moves to dismiss both claims—vicarious liability and negligent hiring—asserted against it in the Complaint. The Court addresses each claim in turn.

### I.   Plaintiff fails to state a claim against Flex for vicarious liability.

Count VI of the Complaint alleges that Flex is vicariously liable to Plaintiff as a principal or statutory employer because Flex "exercised control" over Mr. Gerard, and because Flex and Century were in a "joint venture relationship." Compl., ¶¶ 55, 57. Flex argues that Plaintiff's "claim fails under all three prongs of vicarious liability—statutory employer, principal, and joint venture." Flex Mot. at 4.[2] The Court addresses each theory in turn.[3]

#### A.   Statutory-employer theory

Flex argues that, because Plaintiff "has not alleged that Flex holds a federal motor carrier license, a department of transportation number, or any motor-carrier authority" or that Flex "leases equipment to independent contractor drivers, let alone that Flex leased the

---

[2] Citations to the parties' filings and exhibits reference the ECF file-stamped page number at the top of each page.

[3] Plaintiff is correct that Fed. R. Civ. P. 8(d) allows for alternative pleading. "Federal pleading rules have for a long time permitted the pursuit of alternative and inconsistent claims." *Boulware v. Baldwin*, 545 F. App'x 725, 729 (10th Cir. 2013). However, "alternative pleading does not absolve a plaintiff of the duty to present facts that would state a claim on all theories." *See Ryland v. Blue Cross Blue Shield Healthcare Plan*, No. CIV-19-807-D, 2019 WL 7195610, at *2 (W.D. Okla. Dec. 26, 2019). The Court must therefore determine whether the alleged facts would support each of Plaintiff's vicarious-liability theories.

4

equipment involved in the accident," the statutory-employer doctrine is inapplicable. *Id.* at 4-5.

In response, Plaintiff argues Flex "arbitrarily confined 'statutory employer' to the scope of 'statutory employer' only under the Federal Motor Carrier Safety Regulations ("FMCSR")." Pl.'s Resp. at 13. Even under the FMCSR, Plaintiff continues, the "statutory employer doctrine . . . is intended to extend the scope of common law employers, and 'to discourage motor carriers from using the independent contractor relationship to avoid liability exposure at the expense of the public.'" *Id.* (quoting *Beavers v. Victorian*, 38 F. Supp. 3d 1260, 1269 (W.D. Okla. 2014)). Therefore, Plaintiff maintains the allegations in his Complaint sufficiently plead a statutory-employer theory of liability. *See id.* at 13-14.

Upon examination of the Complaint, it contains insufficient factual allegations to state a plausible vicarious-liability claim based on a statutory-employer theory. Plaintiff claims Flex "arbitrarily confine[s]" the definition of "statutory employer" to that set forth in the FMCSA. But, as Flex notes, it is wholly unclear what other definition Plaintiff would have the Court apply in a case "premised on alleged motor carrier safety violations." *See* Flex Reply at 5.

Further, whatever the purpose of the statutory-employer doctrine under the FMCSR, a simple truth remains: Plaintiff fails to allege facts sufficient to state a claim. Even under a generous interpretation of the Complaint, Plaintiff's allegations regarding his statutory-employer theory are limited to five paragraphs, four of which are legal conclusions couched as factual allegations. *See* Compl., ¶¶ 53-57. Therefore, Plaintiff fails to state a vicarious-

liability claim based on a statutory-employer theory of liability. *See Twombly*, 550 U.S. at 558.

### B. Principal-agent theory

Flex argues "Plaintiff has not alleged any facts to establish a principal-agent relationship between Flex and Gerard or that Flex had 'control' over Gerard." Flex Mot. at 5. Further, Flex continues, "Plaintiff has not asserted any facts about Flex's alleged ownership, operation, or control of Century let alone Gerard . . . ." *Id.* at 5-6.

In relying on Fed. R. Civ. P. 8(a)'s pleading standard, Plaintiff argues his allegation that "Flex exerted control over the trip constitutes a factual assertion . . . that necessitates thorough discovery." Pl.'s Resp. at 11. At this stage, Plaintiff maintains he "is not obligated to, and likely unable to, identify specific facts about control." *Id.* at 12. Therefore, Plaintiff concludes, the Complaint provides Flex with fair notice "of what the claim is and the grounds upon which it rests." *Id.*

Upon examination of the Complaint, it contains insufficient factual allegations to state a plausible vicarious-liability claim based on a principal-agent theory. Plaintiff is correct that, at the pleading stage, he is not required to provide "*detailed* factual allegations." *See Twombly*, 550 U.S. at 555 (emphasis added). But he must provide *some* "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Further, "Plaintiff cannot use discovery as a fishing expedition in the hopes of supporting a claim that does not pass muster at the pleading stage." *Ryland v. Blue Cross Blue Shield Healthcare Plan of Ga.*, No. CIV-19-807-D, 2019 WL 7195610, at *3 (W.D. Okla. Dec. 26, 2019).

Plaintiff's allegations related to his principal-agent theory are limited to the following: "A principal and agent relationship also existed between Defendants Gerard/Century and Flextronics. Defendant Gerard was Flextronics's agent/statutory employee as Flextronics exercised control over him with respect to the trip Defendant Gerard was on at the time of the collision." Compl., ¶ 55. This is no more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Therefore, Plaintiff fails to state a vicarious-liability claim based on a principal-agent theory of liability.[4]

### C.     Joint-venture theory

Flex argues "Plaintiff's Complaint fails to allege any facts to establish any of [the elements required under Oklahoma law to prove the existence of a joint venture]." Flex Mot. at 7. Instead, Flex continues, Plaintiff's "conclusory allegations" are "not enough to survive a motion to dismiss." *Id.*

---

[4] In his Response, Plaintiff claims that "currently available evidence allows the Court to draw the reasonable inference that Defendant Flex may be exerting control over Defendant Century and/or Defendant Gerard, suggesting viability of an agency relationship." Pl.'s Resp. at 16-18. "When a party presents matters outside of the pleadings for consideration, as a general rule 'the court must either exclude the material or treat the motion as one for summary judgment.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quoting *Alexander v. Okla.*, 382 F.3d 1206, 1214 (10th Cir. 2004)). There are three limited exceptions to this general principle: (i) documents that the complaint incorporates by reference, *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); (ii) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity," *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); and (iii) "matters of which a court may take judicial notice," *Tellabs, Inc.*, 551 U.S. at 322. *See Brokers' Choice of Am., Inc.*, 861 F.3d at 1103-04. None of these exceptions apply here, so the Court declines to consider the materials cited in Plaintiff's Response in determining whether the Complaint states a claim.

In response, Plaintiff contends that he has "pleaded the facts illustrating why a joint venture exists, asserting that Flex and Century jointly functioned as the true employer and/or true motor carrier of Defendant Gerard, thus a joint venture exists by actions showing cooperation in the venture." Pl.'s Resp. at 14.

Upon examination of the Complaint, it contains insufficient factual allegations to state a plausible vicarious-liability claim based on a joint-venture theory. In support of his joint-venture theory, Plaintiff alleges the following: "Defendants Century and Flextronics were de jure and de facto a motor carrier relative to Defendant Gerard and the Vehicle [he] was using, and therefore Defendants Flextronics and Century as a joint-enterprise-motor-carrier is liable for any negligence, gross negligence, or recklessness committed by Defendant Gerard as a Driver." Compl., ¶ 54. Plaintiff also alleges that "Flextronics is responsible for Defendant Gerard's actions because it was in a joint venture relationship with Defendant Century." *Id.*, ¶ 57.

Like his other vicarious-liability theories, Plaintiff conflates pleading *some* facts with pleading "every fact intended to be proven at trial." *See* Pl.'s Resp. at 14. Plaintiff also appears to conflate legitimate factual content with "a legal conclusion couched as a factual allegation." *See Twombly*, 550 U.S. at 558. As Flex argues, the Complaint contains no factual matter tending to show any of the elements required to establish a joint-venture relationship under Oklahoma law. *See Sigma Res. Corp. v. Norse Expl., Inc.*, 852 P.2d 764, 766 (Okla. Civ. App. 1992) ("In order to establish a joint venture, a party must show (1) a joint interest in the subject matter, (2) an express or implied agreement to share in the

8

profits and losses, and (3) conduct showing cooperation in the venture."). Therefore, Plaintiff fails to state a vicarious-liability claim based on a joint-venture theory of liability.

## II.     Plaintiff fails to state a claim against Flex for negligent hiring or selection.

Flex argues "Oklahoma law is clear that a person who performs work through an independent contractor is not liable for damages to third persons caused by the negligence of the contractor except where the work is inherently dangerous or unlawful or where the employer owes a contractual or defined legal duty to the injured party in the performance of the work." Flex Mot. at 7-8. The "critical element for recovery," Flex continues, "is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage." *Id.* at 8. However, Flex argues Plaintiff "makes conclusory allegations" and fails to provide any allegations explaining how or why Flex knew or should have known Mr. Gerard or Century were incompetent or "Flex's supposed involvement in selecting the broker, the trucking company, or the driver." *Id.*

In response, Plaintiff concedes that, generally, "a party is not liable for the negligence of its independent contractors." Pl.'s Resp. at 19. However, leaning on the Oklahoma Supreme Court's decision in *Hudgens v. Cook Indus., Inc.*, Plaintiff contends it is "the duty of one who is regularly engaged in a commercial enterprise which involves selection of motor carriers as an integral part of the business, to exercise reasonable care to select a competent carrier." *Id.* (quoting *Hudgens*, 521 P.2d 813, 816 (Okla. 1973)).

Upon examination of the Complaint, it contains insufficient factual allegations to state a plausible negligent-selection claim. In his Complaint, Plaintiff essentially pleads the elements of a negligent-selection claim as set forth in *Puckrein v. ATI Transport, Inc.*, 897

9

A.2d 1034 (N.J. 2006). Assuming for the sake of argument that *Puckrein*—a New Jersey case applying New Jersey law—provides the elements applicable in a negligent-selection case brought under Oklahoma law, Plaintiff provides no facts that would permit a reasonable inference that Flex was negligent.

As one example, Plaintiff argues he has "already pleaded factual allegations regarding Flex's prior knowledge in his Complaint and if prior knowledge cannot be established, Defendant Flex is still liable because it 'should have known' the incompetence." Pl.'s Resp. at 21 (citing Compl., ¶ 63). Paragraph 63 of the Complaint reads as follows: "Defendant Gerard was incompetent to drive a commercial motor vehicle, Defendant Century was incompetent to operate as a commercial motor carrier, and Defendant [Flex] knew or should have known Defendant Gerard/Century were incompetent." Compl., ¶ 63. How was Mr. Gerard incompetent? How was Century incompetent? How did Flex know about the alleged incompetence? If Flex did not actually know, why should Flex have known about the alleged incompetence? The Complaint contains no factual allegations that could possibly answer, or shed any light on, these questions.

As Plaintiff correctly states, the Complaint need not contain detailed factual allegations that could only be known after discovery. But where, as here, a complaint merely contains legal conclusions couched as factual allegations, the Court may disregard such statements "and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik*, 671 F.3d at 1191. However, looking elsewhere in the Complaint provides no suggestion Flex is liable. The Court therefore concludes that the

Complaint does not contain sufficient factual allegations to state a plausible claim for negligent hiring or selection.

## CONCLUSION

For these reasons, the Court finds that Plaintiff's Complaint fails to state a claim against Flex and should be dismissed.

**IT IS THEREFORE ORDERED** that Flex's 12(B)(6) Motion to Dismiss [Doc. No. 48] is **GRANTED**, and Plaintiff's claims against Flex are **DISMISSED** without prejudice.[5]

**IT IS SO ORDERED** this 13th day of August, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[5] Plaintiff makes a three-sentence, conclusory request for leave to amend his pleading if the Court finds a deficiency. *See* Pl.'s Resp. at 15. The Tenth Circuit has held that such bare requests "do not rise to the status of a motion and do not put the issue before the district court." *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021). Under *Brooks*, a district court need "not recognize Plaintiffs' single sentence as a cognizable motion" and does "not abuse its discretion in denying that request." *Id.* Here, the Court declines to consider Plaintiff's three-sentence request as a motion to amend.

To be clear, the Court is not suggesting a motion to amend would be viewed favorably, as the Complaint—in its current form—does not come particularly close to stating a claim against Flex. But even if amendment were allowed, it would be Plaintiff's *seventh* amended complaint, which on its own counsels against allowing amendment. Moreover, based on the letters attached to Plaintiff's Response, Plaintiff's counsel and Flex's counsel began discussing the issues raised in Flex's Motion in January 2024. Also in January 2024, the Court granted Plaintiff leave to file a fifth amended complaint. *See* [Doc. No. 33]. Just a few weeks later, the Court granted Plaintiff leave to file the instant Complaint. *See* [Doc. No. 43]. In neither instance did Plaintiff alter his claims against Flex. *Compare* [Doc. No. 34], *with* [Doc. No. 44].